# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| GAYLA JO WILLIAMS § | |
| § | |
| v. § | |
| § | CIVIL CASE NO. _____ |
| § | |
| ALEJANDRO PREVOST VELAZQUEZ;§ | |
| And LAUROS SERVICE CORP § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Gayla Jo Williams, hereinafter called "Plaintiff", complaining of and about Alejandro Prevost Velazquez, hereinafter called "Velazquez"; and Lauros Service Corp, hereinafter called "Lauros " and for cause of action shows unto the Court the following:

## A. PARTIES

1.  Plaintiff, Gayla Jo Williams, is an individual residing in Heiskell, Tennessee.

2.  Defendant, Alejandro Prevost Velazquez, is an individual residing in Miami, Florida who may be served with process via personal service at: 6501 Southwest 139th CT, Apt 101A, Miami, Florida 33183 or wherever he may be found.

3.  Defendant, Lauros Service Corp is a foreign, for profit corporation located at 9806 NW 80th Avenue, 12Q, Hialeah Gardens, Florida 33016, authorized to do business in the State of Texas and may be served with process by and through its registered agent for service Isabel Espinosa, 9806 NW 80th Avenue, 12Q, Hialeah Gardens, Florida 33016.

4.  Defendant, Lauros Service Corp is a foreign, for profit corporation located at 9806 NW 80th Avenue, 12Q, Hialeah Gardens, Florida 33016, authorized to do business in the

State of Texas and may be served with process by and through its President and Vice-President, Andres Padron, Sr., 9806 NW 80th Avenue, 12Q, Hialeah Gardens, Florida 33016.

## B. JURISDICTION

5. This Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiff and the Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. VENUE

6. Venue is proper under the terms of 28 U.S.C. §1391(b)(2).

## D. FACTS

7. On or about November 10, 2015, Plaintiff, Gayla Jo Williams, was driving a white 2011 Hyundai Tucson southbound on US Hwy 79 in Anderson County, Texas.

8. Velazquez was driving a 2010 Peterbilt tractor, pulling a semi-trailer; traveling northbound on US Hwy 79.

9. As Plaintiff traveled down the roadway in her lane of traffic, Velazquez moved into the southbound lane of traffic in a no passing zone. Plaintiff took proper evasive action and Velazquez struck Plaintiff head on the approved right hand shoulder of the roadway, with both vehicles coming to rest on the west side of the roadway in a construction area.

10. Velazquez told Trooper Tom Bledsoe of the Texas Department of Public Safety at the scene that "he thought there were 2 NB lanes and did not see the marked no passing zone and was not experienced enough to realize he was on the wrong side of the roadway."

11. As a result of Velazquez's negligent conduct, Plaintiff suffered substantial personal bodily injury and lost wages.

## E. CLAIM OF NEGLIGENCE AGAINST ALEJANDRO PREVOST VELAZQUEZ

12. Velazquez had a duty to exercise the degree of care that a reasonably careful and prudent person would use to avoid harm to others under the circumstances similar to those described herein.

13. Plaintiff's injuries and damages were proximately caused by Velazquez's negligent, careless and reckless disregard of said duty.

14. The negligent, careless and reckless disregard of duty by Velazquez consisted of, but is not limited to, the following acts and/or omissions:

    A. In that Velazquez failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    B. In that Velazquez failed to maintain his lane of traffic on the left hand side of the roadway as would a person of ordinary prudence under the same or similar circumstances;

    C. In that Velazquez attempted to pass in a no passing zone causing the accident in question.

## F. CLAIM OF NEGLIGENCE *PER SE* AGAINST ALEJANDRO PREVOST VELAZQUEZ

15. Velazquez's conduct described herein constitutes an unexcused breach of duty imposed by Texas Transportation Code §545.055(b) and states as follows: "An operator may not drive on the left side of the roadway in a no-passing zone or on the left of any pavement striping designed to mark a no-passing zone.

16. Plaintiff is a member of the class that the Texas Transportation Code was designed to protect.

17. Velazquez's unexcused breach of duty imposed by the Texas Transportation Code proximately caused Plaintiff's injuries and damages described herein.

### G. RESPONDEAT SUPERIOR

18. Plaintiff would show that Lauros at the time of the collision made basis of this suit was the employer of Velazquez. Plaintiff would show that Velazquez,was the agent, servant, and employee of Lauros and was acting within the scope of his authority as such agent, servant, and employee at the time the accident made basis of this lawsuit occurred. In this regard, by virtue of the doctrine of respondeat superior, Lauros is vicariously liable for the negligence and fault of Velazquez.

### G. DAMAGES

19. As a direct and proximate result of the occurrence made the basis of this lawsuit, plaintiff was caused to suffer:

    A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in Smith County, Texas;

    B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C. Lost wages;

    D. Loss of earning capacity;

    E. Physical pain and suffering in the past;

    G. Physical pain and suffering in the future;

    H. Mental anguish in the past;

      I.      Mental anguish in the future;

      J.      Physical impairment in the past; and

      K.      Physical impairment in the future.

## H. EXEMPLARY DAMAGES

20. Plaintiff's injuries resulted from the gross negligence of Velazquez. Velazquez was by his own admission, was inexperienced and did not possess the knowledge or skill to be driving the vehicle he was driving. Despite his lack of experience and knowledge Velazquez made the decision to get behind the wheel of a tractor trailer on public roadways. Such action indicates a conscious indifference to the rights, safety or welfare of others, including Plaintiff.

21. Defendant, Lauros, as the employer of Velazquez, provided inadequate or non-existent training to Velazquez. Lauros authorized the assignment of Velazquez as the driver of the vehicle in question, even though it knew or should have known that Velazquez did not possess the knowledge, training or experience to be driving a tractor trailer on the public highways. The decision, on the part of Lauros, to allow Velazquez to drive the tractor trailer in question knowing the lack of training and experience of Velazquez, exhibits a conscious indifference to the rights, safety or welfare of others, such as Plaintiff. Such gross negligence entitles Plaintiff to exemplary damages from Defendants, Velazquez and Lauros, under Texas Civil Practice & Remedies Code section 41.003(a).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Gayla Jo Williams, prays that Defendants be duly cited and commanded to appear by law and answer herein; that on final hearing hereof Plaintiff have judgment against Defendants, together with pre-judgment interest at

the maximum rate allowed by law, post-judgment interest at the legal rate, costs of Court, and such other an further relief with Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**DOBBS & TITTLE, P.C.**


_____*/s/ David E. Dobbs*_____
David E. Dobbs
Texas Bar No. 05913700
3311 Woods Boulevard
Tyler, Texas 75707
Telephone: (903) 595-1160
Facsimile:  (903) 595-1999

Attorneys for Plaintiff